Respondent disbarred.

In the Matter of JULIUS CHOPAK (Also Known as JULES CHOPAK), an Attorney, Respondent. ASSOCIATION OF THE BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 30, 1960.

*Frank H. Gordon* of counsel (*Eric Nightingale,* attorney), for petitioner.

*Julius Chopak,* respondent in person.

*Per Curiam.* Petitioner has moved to confirm the report of the Referee rendered after a lengthy hearing.

The Referee found that two of the three charges against respondent had been sustained. Briefly, the Referee concluded, and the evidence amply shows, that respondent, while acting as manager of two apartment houses in New York City, willfully and deliberately violated the rent regulations by receiving rent from the tenants in excess of the permissible maxima. The evidence also demonstrates, and the Referee found, that respondent wrote a number of scandalous, abusive and degrading letters to the tenants and others. The letters clearly indicate, among other things, that respondent used his ability to litigate without incurring the expense of attorneys' fees for purposes of harassing tenants. In the letters, respondent also advised opposing counsel as to the fee he should charge a tenant and asserted the ethical right to negotiate directly with his adversary's client (Canons of Professional Ethics, canon 9).

In 1925, respondent was indefinitely suspended from the Customs Bar. His later application for reinstatement was denied, among other reasons, for serious acts of professional misconduct committed after his first suspension (*Matter of Chopak*, 20 C. C. P. A. [Customs] 124). In 1941 and 1946, he was also suspended from practicing in the United States District Court for the Eastern District of New York for three months and then for three years, respectively (*Matter of Chopak*, 43 F. Supp. 106; *Matter of Chopak*, 66 F. Supp. 265, affd. 160 F. 2d 886, cert. denied 331 U. S. 835).

The record shows a continued course of irresponsible and unprofessional conduct and that past disciplinary measures have been of no avail. It is regrettable, but the public interest requires that an attorney of such long standing be disbarred (cf. *Matter of Bar Assn. of Erie County* [*Taylor*], 8 A D 2d 773; *Matter of Zipkin*, 275 App. Div. 641).

The respondent should be disbarred.

Botein, P. J., Breitel, Rabin, Valente and Stevens, JJ., concur.

Respondent disbarred.